# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| JERRY JOHNSON | CIVIL ACTION NO. 05-0922-LC |
| VS. | SECTION P |
| TERRY TERRELL, WARDEN | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Jerry Johnson on May 25, 2005. Johnson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana, where he is serving a twenty-five year hard labor sentence imposed following his 1996 conviction on a narcotics charge in Louisiana's Fourteenth Judicial District Court, Calcasieu Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, along with the presumptively reliable published jurisprudence of the State of Louisiana, establish the following relevant facts:

1. On June 27, 1996, petitioner was convicted of attempted possession with intent to distribute heroin following trial by jury in Louisiana's Fourteenth Judicial District Court.

[Doc. 1, Memo., pp. 2 and 8].[1] Petitioner had previously moved the court to allow him to represent himself. That motion was granted, and attorney Evelyn M. Oubre was asked to "assist" petitioner at trial. [Doc. 1, Memo., p. 3].

2. On December 11, 1996, petitioner was sentenced to serve twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. [Doc. 1, Memo., p. 4].

3. On some unspecified date, petitioner appealed his conviction and sentence to the Third Circuit Court of Appeal. This initial appeal was assigned Docket Number CR97-363. Attorney Oubre was apparently requested to represent the petitioner on appeal. She filed an *Anders*[2] brief asserting that her review of the trial court record revealed no non-frivolous appealable issues. [See Doc. 1, Exhibit J at p. 10]. Thereafter, on June 13, 1997, petitioner filed a *pro se* appeal brief. Therein petitioner argued that his "Constitutional rights were violated at the scene of the arrest"; that his statement "was the result of duress and therefore was illegally obtained"; and, that his "counsel was ineffective at pretrial, trial, sentencing, and appeal". [*id.*, pp. 11-19].

4. On October 22, 1997, the Third Circuit remanded the appeal and requested the sentencing transcript and such portions of the trial transcript which concerned petitioner's waiver of counsel. [Doc. 1, Memo., p. 4; see also *State of Louisiana v. Jerry L. Johnson*, 97-00363 (La. App. 3d Cir. 10/22/97), 701 So.2d 267 (unpublished).]

---

[1] Petitioner claims that the docket numbers of the state court convictions were 16804-94 and 5935-95. [Doc. 1, Memo., p. 2]

[2] See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). When appointed appellate counsel has determined that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, she may file a brief establishing those facts and requesting permission of the court to withdraw from the case.

5. At some point, petitioner's appeal was docketed under the Third Circuit's Docket Number CR98-1177. On August 18, 1998, Ms. Oubre, petitioner's appointed appellate counsel again filed an *Anders* brief and a motion to withdraw. Therein she alleged, "Your brief writer has thoroughly and conscientiously reviewed the sentencing transcript, the transcript of that portion of the trial wherein the defendant waived his right to counsel, the defendant's 'Supplemental Pro Se Appeal Brief' . . . , the defendant's 'Supplemental Brief on the Merits filed by Jerry L. Johnson, Pro Se', and the 'Defendant's Reply Brief, in Opposition to States Brief', and has found no legal errors to have been committed during this prosecution. . . . It is this brief writer's sincere professional opinion that any errors to be alleged would be wholly frivolous...." [Doc. 1, Exhibit H, p. 6]. On October 12, 1998, Ms. Oubre filed a Supplemental Brief on Appeal in the Third Circuit and referenced both docket numbers, CR97-363 and CR98-1177. [Doc. 1, Exhibit G]. Therein, she again alleged that there were no non-frivolous or meritorious appeal issues. [*id.*]

6. On some unspecified date, petitioner sought review in the Supreme Court. On March 12, 1999, petitioner's application for Supervisory and/or Remedial Writs was denied. See *State of Louisiana ex rel. Jerry L. Johnson v. State of Louisiana*, 99-0418 (La. 3/12/99), 739 So.2d 211.

7. On May 5, 1999, petitioner's conviction and sentence were affirmed in an unpublished opinion of the Third Circuit. See *State of Louisiana v. Jerry L. Johnson*, 98-1177 (La. App. 3d Cir. 5/5/99), 739 So.2d 133 (unpublished).

8. Petitioner again applied for supervisory and/or remedial writs with the Louisiana

Supreme Court. On November 24, 1999, his writ application was denied. See *State of Louisiana v. Jerry Johnson*, 99-2043 (La. 11/24/99), 750 So.2d 984. Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, petition, paragraph 6(d)].

9. On November 7, 2003, petitioner filed an Application for Post-Conviction Relief in the Fourteenth Judicial District Court. Petitioner argued four claims for relief: (1) "The prosecution must prove each and every essential elements of a crime alleged to be committed by the perpetrator beyond a reasonable doubt. . . . Therefore the trial court erred in allowing the State to fall short in its burden that there was credible and reliable evidence to conduct an initial investigatory stop"; (2) "The trial judge's instructions to an accused as to self representation, violated the accused Sixth and Fourteenth Amendment as what the Federal Constitution guarantee that person brought to trial must be afforded the right to assistance of counsel before he can be validly convicted in any criminal trial must be proven 'beyond a reasonable doubt'"; (3) "The trial court must take advisement as to any violations of a defendants' constitutional right to effective assistance of counsel, in the area of assisting in self-representation, moreso, when the defendant has been allowed to self-represent, the assistant from counsel's performance was deficient and that deficiency prejudice his ability to represent"; and (4) "A sentence imposed upon defendant, causing prejudicial effect has constituted cruel and unusual punishment ..." [Doc. 1, Exhibit D].

10. On January 20, 2004, the District Court denied the application as "untimely." [Doc. 1, Exhibit C].

11. On April 1, 2004, petitioner filed an application for writ of review in the Third Circuit Court of Appeals. [Doc. 1, Exhibit B]. On May 27, 2004, the writ application was denied by the Third Circuit which found, "...no error in the trial court's ruling..." [See slip opinion, *State of Louisiana v. Jerry L. Johnson*, No. KH-04-00460 (La. App. 3d Cir. 5/27/2004; Doc. 1, Exhibit A].

12. Petitioner filed an application for Supervisory and/or remedial writs in the Louisiana Supreme Court. On April 29, 2005, the Supreme Court, citing La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, denied writs. See *State of Louisiana ex rel. Jerry L. Johnson v. State of Louisiana*, 2004-1574 (La. 4/29/2005), 901 So.2d 1050.

13. Petitioner's federal *habeas* petition was signed on May 23, 2005. In this petition, Johnson argues three grounds for relief: (1) "Petitioner's conviction was obtained in violation of the Sixth Amendment . . . in that Petitioner had suffered the improper action by trial court as to ill advice of the possible danger and disadvantages of self-representation and whether he knowingly and intelligently waived his right to counsel before being allowed to represent himself at the trial"; (2) "Petitioner's sentence . . . is in violation of the Eighth Amendment . . . in that it is excessive"; and, (3) "Petitioner's suffered even further due to insufficiency of the evidences that was allowed in court during his trial proceedings" [Doc. 1, Memo. p. 3].

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA,

including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[3] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. As shown above, petitioner's conviction and sentence were ultimately affirmed on direct appeal on May 5, 1999. See *State of Louisiana v. Jerry L. Johnson*, 98-1177 (La. App.

---

[3] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B), (C), or (D) of §2244(d)(1). He does not claim the existence of any state created impediments which inhibited him from filing his federal petition. Petitioner does not suggest that his present claims are based upon a constitutional right newly recognized by the United States Supreme Court. Nor does he explicitly claim that the factual predicate of his claim was only recently discovered. Petitioner does suggest that "...he had much difficulty obtaining much [of] the records in this case, that which many agency are involve herein, that was compounded by the Calcasieu Parish District Attorney's Office, records were needed from the State of Texas, Maryland alone with what records that has been compiled in the Calcasieu Parish." [Doc. 1, paragraph 23]. Elsewhere, he submits an argument suggesting a "*Brady*" violation. However, that argument [which appears at Doc. 1, Memo., pp. 10-11] is incomprehensible. His conclusory allegation that he has established that the prosecution withheld exculpatory evidence is totally unsupported by any facts.

3d Cir. 5/5/99), 739 So.2d 133 (unpublished). Thereafter, on November 24, 1999, petitioner's subsequent writ application to the Louisiana Supreme Court was denied. *State of Louisiana v. Jerry Johnson*, 99-2034 (La. 11/24/99), 750 So.2d 984. Petitioner did not seek further direct review in the United States Supreme Court. Therefore, for AEDPA purposes, petitioner's judgment of conviction and sentence became final on or about February 24, 2000, when the ninety day period for seeking United States Supreme Court review expired. *See* Supreme Court Rule 13*; Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999)(The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final after the effective date of the AEDPA, he had one year from February 24, 2000, or until February 24, 2001 to file his federal *habeas corpus* petition. Petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) because by the time he filed his state application for post-conviction relief on November 7, 2003, the limitations period had already long expired and could not be revived by the filing of the state post-conviction pleading. See *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Additionally, petitioner's state post-conviction was determined to be time-barred under Louisiana law and therefore was not "properly filed" so as to toll the running of the limitations period. See *Pace v. DiGuglielmo*, — U.S. —, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of September, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE